UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20-cr-594 |
| Plaintiff, | ) ) ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| DONELL KING, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) | (Resolving Doc. 49) |

This matter is before the Court on the *Unopposed Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 49) (the "Motion") filed by Defendant Donell King ("King"). The United States of America has not responded to the Motion.

For the reasons stated below, the Motion is DENIED.

**I.    BACKGROUND**

A federal grand jury charged King with being felon in possession of firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One) and possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (Count Two). Doc. 3. Pursuant to a plea agreement (Doc. 18), King pled guilty to Count One.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). Doc. 39. The PSI indicated King had a total offense level of 15 and a criminal history category of IV, therefore his advisory guideline range was 30-37 months. Doc. 39 at p. 20, ¶ 87. The Court ultimately sentenced King to a term of 37 months' imprisonment for Count One; Count Two was dismissed. Doc. 42.

1

After King's sentencing, the United States Sentencing Commission issued Amendment 821. It is undisputed that King's criminal history points would be lower under the Amendment resulting in a reduced advisory guideline range of 24-30 months. King now seeks retroactive application of Amendment 821 to reduce his sentence to 30 months.

II.     LAW AND ANALYSIS

   A.  Legal Standard

A defendant who has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach to deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) *quoting Dillon v. United States*, 560 U.S. 817, 826–27 (2010).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational

or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. § 3553(a).

### B. Analysis

In the Motion, King asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, his advisory range is lowered to 24-30 months, as opposed to the 30-37 months used at the time of sentencing. Doc. 49 at 2–3.  Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, King's total criminal history points were seven (7).  Doc. 39 at p. 13, ¶ 55.  Five (5) of those points were the result of previous criminal convictions under U.S.S.G. § 4A1.1(a)-(c).  Doc. 39 at p.9, ¶ 39 and p. 12, ¶¶ 49-50.  Two (2) additional points were added in accordance with the then-current § 4A1.1(d) because the underlying offense was committed while King was on inactive probation.  Doc. 39 at p. 13, ¶ 54.  King now argues that the new § 4A1.1(e) would not apply to him because he only received five (5) points under subsections (a) through (d), therefore the total criminal history points under the new guidelines are five (5), with no extra points added due to the offense taking place while King was on probation.  The Court finds that Amendment 821 affects King's criminal history computation and he is thus eligible for consideration of a sentence reduction.

3

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of King's case. *See id.* This is first due to the nature of the offense. *See* 18 U.S.C. § 3553(a)(1). King, a convicted felon, knowingly and illegally possessed a firearm that was used by one of his children to shoot and kill another of his children. Doc. 39, pp. 3–5, ¶¶ 1–15. Second, King's criminal history is lengthy, spanning over twenty arrests in as many years. Doc. 39, pp. 7–15, ¶¶ 31–52. King's history started at age 13 when he was adjudicated delinquent for assault. At 15, he pled guilty to felony possession of cocaine, and at 16 he pled guilty to felony preparation of marijuana for sale. After several more drug offenses, King committed felonious assault at 17 and was sentenced to four years incarceration. He was sentenced to a one-year concurrent term of imprisonment for carrying a concealed weapon at that time as well. At 23, he was convicted of receiving stolen property. At 24, he was convicted of escape related to his sentence for the receiving stolen property conviction. Related to this conviction, King was charged and convicted in state court for involuntary manslaughter and child endangerment. Despite the nature of that offense, King received only a 9-month sentence that the state ordered to be served concurrently with his sentence from this Court. As a result, King will effectively serve no portion of the sanction for that conviction.

King's lengthy history of criminal conduct reflects that prison has failed to deter him from returning to crime. Instead, he routinely returned to criminal conduct shortly after his release and often before his supervision had been completed. Given those facts and after consideration of the nature and circumstances of the offense, King's history, and the need for the sentence imposed to protect the public and offer adequate deterrence, the Court finds a reduction to King's 37-month sentence is not warranted.

### III.   CONCLUSION

For the reasons stated above, the *Unopposed Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 49) is DENIED.


Date: February 23, 2024  /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE